JAMES N. RICHMOND vs. GEORGE S. WILLIS.

In defence of an action against a sheriff by a stockholder of a manufacturing corporation, for arresting him on an execution against the corporation, it may be shown that he was a stockholder, although the return on the execution states that he was arrested as " now or formerly an officer of the within named corporation."

A person duly summoned under St. 1851, c. 315, as a stockholder, in an action against a manufacturing corporation, and defaulted, cannot afterwards deny the existence of the corporation, or his liability to be arrested as a stockholder upon the execution against the corporation.

An execution against a manufacturing corporation, which merely contains a command to take their property, authorizes the officer to take the body of a stockholder who was duly summoned in the action.

In an action against a sheriff for arresting a stockholder on an execution against a manufacturing corporation, the defendant may give in evidence his instructions from the judgment creditor.

ACTION OF TORT against the former sheriff of Berkshire for an arrest of the plaintiff by one of his deputies, upon an execution issued from the court of common pleas on the 19th of June 1855, in favor of Norman Cotton against the Cheshire Iron Works, a manufacturing corporation, in an action in which the plaintiff was summoned as a stockholder in the corporation, and in which both he and the corporation were defaulted.

At the trial in the court of common pleas in Berkshire, before Mellen, C. J., the plaintiff proved the arrest; and testified, upon cross-examination, that he had made inquiries respecting the papers and records of the Cheshire Iron Works, but had been unable to find them ; and that the former and present clerks of

that corporation now resided out of the Commonwealth; but he did not testify that he had inquired of either of them for such papers and records. The defendant was then allowed, against the plaintiff's objection, to put in secondary evidence of the existence and organization as a corporation of the Cheshire Iron Works, and of the contents of its records, as well as of the fact that the plaintiff was an officer and stockholder.

The plaintiff, on cross-examination, also testified that, prior to May 1851, he subscribed for shares of the capital stock of the Cheshire Iron Works, and in the following May or June was elected their president; but that on the 3d of October 1851 he resigned his office, and his resignation was accepted, and a successor elected; that at the same time he sold and transferred his shares in the corporation, for which he had never paid anything; and never afterwards had any interest in them nor in the corporation.

The defendant put into the case the execution upon which the plaintiff was arrested, with this return of the officer thereon: " By virtue of this execution, I this day made demand of James N. Richmond for property of the within named corporation to satisfy this execution and payment of the same; said demand being made on said Richmond as an officer of the within named corporation. Also I this day made demand on said Richmond for payment in property as an individual, and as now or formerly an officer of the within named corporation; and being informed by said James N. Richmond, that he had no property in his hands that could be taken on execution, either as an officer or stockholder of said corporation, and said Richmond refusing to pay said execution in property or in money, I have, by direction of the within named Cotton, the creditor, arrested the body of James N. Richmond as now or formerly an officer of the within named corporation."

The defendant was then allowed to give in evidence the instructions of Cotton to the officer, although the plaintiff had waived all suggestion of malice in the officer making the arrest, and objected to this evidence.

The defendant was also permitted, against the plaintiff's

objection, to show, in justification of the arrest, that the officer arrested the plaintiff as a stockholder in the corporation.

The plaintiff then offered to prove that he was not a stockholder or officer at the time of the rendition of the judgment upon which the execution was issued, nor at the time when the cause of action accrued in the suit in which the judgment was rendered. But the court ruled that the plaintiff, having been summoned in that suit, could not now be permitted to show that he was not a stockholder.

The execution upon which the plaintiff was arrested contained only a command to take the property of the corporation, and none to take the body of the plaintiff or of any officer or stockholder of the corporation. And the plaintiff therefore contended that the defendant was not justified in taking his body. But the court ruled, that under this form of execution the plaintiff could be arrested as an officer or stockholder.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*H. L. Dawes & J. Branning,* for the plaintiff. 1. The defendant should not have been permitted to prove by secondary evidence that the plaintiff was a stockholder or officer of the Cheshire Iron Works, without first showing that he had been unable to produce the records or copies of them. *Coffin* v. *Collins,* 17 Maine, 440. *Whitman* v. *Granite Church,* 24 Maine, 236. *North Bank* v. *Abbot,* 13 Pick. 465. *Foster* v. *Mackay,* 7 Met 537. *Thayer* v. *Middlesex Mutual Fire Ins. Co.* 10 Pick. 326. *Boyle* v. *Wiseman,* 10 Exch. 647. *The Queen* v. *Llanfaethly,* 2 El. & Bl. 940.

2. The plaintiff having disclaimed malice in the officer in making the arrest, the instructions of the judgment creditor to the officer who made the arrest were improperly admitted. *Walker* v. *Leighton,* 11 Mass. 140.

3. The officer having stated, in his return upon the execution, that he arrested the plaintiff " as now or formerly an officer of the within named corporation," it is not competent for the defendant to contradict the return of his deputy, or to show that the plaintiff was arrested as a stockholder. *Baker* v. *M'Duffie*

23 Wend. 289.  *Sheldon* v. *Payne*, 3 Seld. 453.  *Haynes* v. *Small*, 22 Maine, 14.  *Barrett* v. *Copeland*, 18 Verm. 67.  *Shotwell* v *Hamblin*, 23 Miss. 156.  *Bott* v. *Burnell*, 9 Mass. 98, 99.  *Slayton* v. *Chester*, 4 Mass. 478.  *Bean* v. *Parker*, 17 Mass. 601. *Lawrence* v. *Pond*, 17 Mass..433.  *Boston* v. *Tileston*, 11 Mass. 468.  *Gardner* v. *Hosmer*, 6 Mass. 325.  *Weld* v. *Bartlett*, 10 Mass. 470.  *Simmons* v. *Bradford*, 15 Mass. 82.

The officer elected to arrest the plaintiff as an officer of the corporation, and the defendant is bound by his election.  *Lyman* v. *Lyman*, 11 Mass. 317.

4. The plaintiff should have been permitted to show that he was not an officer or stockholder in the corporation, either when the cause of action accrued, or when the judgment was rendered, upon which execution issued.  The liability of officers and stockholders for the debts of a corporation in certain cases depends solely upon statute provisions, which are to be construed strictly.  The *St.* of 1851, *c.* 315, does not require a summons to be left with an officer of a corporation.  The plaintiff is therefore in no sense a party to the suit against the corporation, and is not estopped to show that he was not an officer or stockholder at any time, so as to render himself liable to arrest on an execution against the corporation.  *Gray* v. *Coffin*, 9 Cush. 192. *Denny* v. *Richardson*, 4 Gray, 274.  *Thayer* v. *Union Tool Company*, 4 Gray, 75.  *Adams* v. *Payne*, 7 Pick. 550.  *St.* 1851, *c.* 315.

5. The execution upon which the plaintiff was arrested contained no precept or command authorizing the officer to make the arrest.  The arrest was in violation of the 4th amendment of the Constitution of the United States, and of art. 14 of the Declaration of Rights of the Constitution of Massachusetts; and against the policy of *St.* 1851, *c.* 224.

*J. D. Colt & J. C. Wolcott*, for the defendant.

DEWEY, J.  The case discloses a liability on the part of the plaintiff to arrest, as a stockholder of the corporation known as the Cheshire Iron Works.  As such stockholder, he had been duly summoned in the proceedings in the action against the corporation, agreeably to *St.* 1851, *c.* 315.  He had in that suit

16*

the full opportunity to raise the question of his liability as a member, but did not appear upon such summons. The case shows also a compliance with all the requisitions of the statute, as to a demand; and also the want of any property to be levied upon of any officer of the corporation at the time when the cause of action accrued, or when the judgment was rendered. In this state of the facts, the plaintiff was arrested, as he well might have been, on this execution, being thus liable thereon as a stockholder.

But it is contended, on the part of the plaintiff, that by the return of the officer upon the execution the defendant is excluded from setting up this defence. The return, after reciting that a demand had been made upon the plaintiff, and that he declared that he had no property in his hands that could be taken on execution, either as an officer or stockholder of said corporation, states: " I have arrested the body of James N. Richmond as now or formerly an officer of the within named corporation." The case stated on this return does not state an arrest of an officer of the corporation, who was such at the time when the cause of action accrued, or when the judgment was rendered. It was not the arrest of an officer, within the terms of the statute. The plaintiff might have been an officer at the time of the levy of the execution, though not one at the time of the rendition of the judgment. He might have been " formerly an officer," and yet not one at the time the cause of action accrued. He was not therefore, by the return itself, arrested as an officer liable to arrest under the statute. In the opinion of the court, notwithstanding this informal return, it was competent for the defendant to show that the arrest was well authorized, the defendant being legally liable to such arrest, and that he was in fact arrested as a stockholder liable on the execution.

The ruling of the court, that the plaintiff could not be permitted to show by evidence that in fact he was not a stockholder, but was estopped by the proceedings in the former action, in which he was duly summoned as a stockholder, and failed to appear and make any defence, was correct.

The same reason renders it unnecessary to consider particu-larly the question, whether sufficient evidence was introduced that due diligence had been used to obtain the corporation books, to authorize the admission of secondary evidence to prove the organization of the corporation, and that the plaintiff was a member thereof; as this was sufficiently established by the record of the proceedings in the original case of Cotton against the Cheshire Iron Works.

There is no ground for the objection to the form of the execution upon which the plaintiff was arrested, that it did not command the officer to take the body of the plaintiff. The whole proceeding is anomalous, but justified by the statute. *Stedman* v. *Eveleth,* 6 Met. 124.

Upon the execution issued in this form, the judgment creditor had the right to direct the officer in whose hands the execution was placed, to arrest any stockholder who had been duly summoned, and not discharged from liability as a member, in case of a neglect of the officers to pay, and there being found no property of such officers to levy upon. Such instructions to make such levy and arrest were competent evidence in the case, as a part of the proceedings, and in justification of the officer's proceeding against an individual who was by statute made liable upon the execution against the corporation. Prior to the statute of 1851, *c.* 315, and under the Rev. Sts. *c.* 38, § 30, it was held, that in levying such execution the officer must, from the necessity of the case, follow the directions of the creditor, and not those of the precept merely. *Stedman* v. *Eveleth,* 6 Met. 125. The form of the execution is not changed by the *St.* of 1851, *c.* 315, though the right to arrest a stockholder is limited to those who have been summoned in the action against the corporation. It is the right of the creditor to select such individual as he may elect among those stockholders who may be liable, there being no *supersedeas;* and although we perceive no special bearing which such instructions could have had upon the issue raised in the present case, yet we are of opinion that their admission fur-nishes no sufficient ground for setting aside the verdict.

*Exceptions overruled.*